# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT, | Case No. 1:06-cv-00927-AWI-SMS  PC |
| Plaintiff, | |
| v. | ORDER DENYING<br>MOTION FOR RECONSIDERATION |
| G. SHAPIRSHTEY, et al., | |
| Defendants. | (Doc. 25) |

On May 16, 2014, nearly five years after this Court dismissed Plaintiff's second amended complaint with prejudice for failure to state a claim, Plaintiff moves for reconsideration. Plaintiff contends that he was not aware that this case had been dismissed with prejudice and counted as a strike against him under 28 U.S.C. §1915(g) until the Ninth Circuit Court of Appeals recently revoked his privilege of appearing *in forma pauperis* in an unrelated case, including this case as a strike against Plaintiff. Plaintiff offers no substantive basis to reconsider the dismissal order.

Pointing out that the docket in this case shows that the U.S. Postal Service returned the dismissal order and judgment to the Clerk of Court as undeliverable, Plaintiff explains that because he was homeless in June 2009, he had used the address of the Los Angeles County General Relief Office. Plaintiff contends that he did not receive the order because his case worker retaliated against him for suing the case worker and her supervisor for denying him a food stamp allotment based on his prior conviction for drug possession. Plaintiff contends (1) that he simply assumed that his case was still pending and (2) that he could not subsequently change his address because he had forgotten

1

the case number. Plaintiff requests that the Court vacate the June 18, 2009 judgment and permit him to file a third amended complaint.

Although the motion does not identify the rule on which it is based, it is appropriately reviewed as a motion for relief from a judgment or order due to mistake, inadvertence, surprise, or excusable neglect. F.R.Civ.P. 60(b)(1). A motion under Rule 60(b)(1) must be brought "no more than a year after the entry of the judgment." F.R.Civ.P. 60(c)(1). Because Plaintiff filed this motion four years and eleven months after entry of judgment, it is untimely.

The motion presents no basis to disregard the one-year limitation period. Nor does it present any basis by which the Court could set aside the 2009 judgment dismissing the second amended complaint with prejudice and permit Plaintiff to file a third amended complaint. The 2009 judgment dismissing the case stated:

> If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000). Plaintiff has been given an opportunity to amend his complaint to no avail. His Second Amended Complaint will therefore be dismissed without leave to amend.

Doc. 23 at 1-2.

Assuming that the above-captioned case was his third strike under 28 U.S.C. § 1915 (g), Plaintiff appears to base his pursuit of reconsideration solely on the loss of his ability to bring lawsuits without paying a filing fee (*in forma pauperis*). Plaintiff's assumption is wrong. The Court takes judicial notice that Plaintiff had been determined to have three strikes pursuant to 28 U.S.C. §1915(g) well before the Court entered judgment in this matter. *See Raymond Wright CDCR #P-61138 v. M.A. Baires, et al.*, No. 1:08-cv-01213-JTM-LSP PC, Doc. 14 at 4 (E.D. Cal. February 10, 2009) (revoking Plaintiff's permission to proceed *in forma pauperis* since he had previously brought more than three prior civil actions that had been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted). The Court listed as prior strikes: *Wright v. Roberts*, No. 1:06-0873-JM-BLM (S.D. Cal. August 3, 2006) (dismissing action for failure to state a claim); *Wright v. Daley*, No. 1:06-cv-0235-OWW-DLP PC (E.D. Cal. February 13, 2007)

1 (dismissing action for failure to state a claim); and *Wright v. Johnson*, No 2:06-cv-02261-MCE-KJM
2 PC (E.D. Cal. November 21, 2007) (dismissing action for failure to state a claim).  *Id.*  Whether or
3 not Plaintiff could have successfully appealed the judgment in this case, since Plaintiff is a three-
4 strike litigant, his motion to proceed *in forma pauperis* in the recent unrelated case would still have
5 been denied pursuant to 28 U.S.C. §1915(g).

In addition, Plaintiff's assertion that he was unaware of the status of this case lacks credibility.  Plaintiff is an experienced *pro se* litigator who has prosecuted thirteen civil rights cases in this district and additional cases in other California districts.  That he simply assumed this five-year-old case was pending and that he simply "forgot" the case number of this action are highly unlikely.

Plaintiff's motion for reconsideration of the June 18, 2009 judgment dismissing his case for failure to state a claim is hereby DENIED as untimely.

IT IS SO ORDERED.

Dated:   **June 25, 2014**                              **/s/ Sandra M. Snyder**
                                                                      UNITED STATES MAGISTRATE JUDGE

3